UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCK LE BOUTEILLER, | Case No.: 2:11-cv-01452-GMN-GWF |
| Plaintiff, | **ORDER** |
| vs. | |
| COUNTRYWIDE KB HOMES, a COUNTRYWIDE MORTGAGE, LLC SERIES ET AL.; COUNTRYWIDE FINANCIAL CORP.; COUNTRYWIDE HOME LOANS; BANK OF AMERICA HOME LOANS SERVICING, LP SERIES ET AL., a/k/a COUNTRYWIDE HOME LOANS SERVICING, LP SERIES ET AL.; BANK OF AMERICA RESIDENTIAL MORTGAGE CORP.; BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; RECONTRUST COMPANY, N.A.; MERS aka, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF NEW YORK MELLON CORPORATION, | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for a Temporary Restraining Order ("TRO Motion") (ECF No. 5), and Motion for a Preliminary Injunction (ECF No. 6). For the reasons that follow, Plaintiff's Motions (ECF Nos. 5, 6) will be DENIED.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff requests a Temporary Restraining Order and Preliminary Injunction to prevent Defendants from foreclosing on his home. (ECF Nos. 5, 6.) Plaintiff cites the notice requirement of NRS 107.080 and Defendants' August 29, 2011 Notice of Trustee's Sale, set to take place on September 19, 2011 (Ex. E, ECF No. 1), to allege improper foreclosure.

In addition to the allegation of failure to provide adequate notice, Plaintiff alleges that

Defendants are not authorized to make the sale for the following reasons: (1) title is clouded because the note has been securitized; (2) the deed assignment is invalid because MERS has no authority to appoint a successor trustee; (3) the chain of title is unclear because notice of the trustee sale was improper; and (4) ReconTrust is not a valid trustee because it is not registered in the state of Nevada. (Pl.'s Compl.)  Plaintiff alleges that this constitutes "Fraud, Extortion, and Civil Racketeering at 18 USC 1961, 1962, and 1964(a)." (*Id.*)

**II.     STANDARD FOR GRANTING A TRO OR PRELIMINARY INJUNCTION**

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order.  Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Taylor v. Westly, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent

two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id.

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test).   The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphasis added).

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).

### III.   ANALYSIS

#### A.   Notice.

After a breach of the obligation to pay a mortgage debt, NRS 107.080 confers a power of sale upon a trustee, requiring that:

> 2. The power of sale must not be exercised, however, until:
>    …
>    (b) In the case of … owner-occupied housing…the grantor…has…failed to make good the deficiency in…payment.
>    (c) The beneficiary, the successor in interest of the beneficiary or the trustee **first** executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; and
>    (d) Not less than 3 months have elapsed after the recording of the notice.

NRS 107.080 (emphasis added).

In this case, Plaintiff is correct that NRS 107.080 requires at least three months elapsing between the recording of the notice and the exercise of the power of sale. *See* NRS 107.080(1)(d). Here, Plaintiff submits a notice that was recorded on August 29, 2011, for a trustee's sale to take place on September 19, 2011, three weeks later. (Ex. E, ECF No. 1.) For notice to be adequate, the first notice must have been recorded three months prior to September 19, 2011. However, Plaintiff does not allege that this notice was the *first* notice that was recorded. In fact, as Defendants point out, several notices have been recorded in Clark County – on May 19, 2009, on October 8, 2009, and on August 29, 2011. (*See* Exs. F, G, M to Def.s' Mot. to Dismiss, ECF Nos. 11-6, 7, 13.)[1]

The statute makes clear that the calculation begins with the first recorded notice. The first two notices were well in advance of the required three-month notice under NRS 107.080(1). Therefore, Plaintiff's claim of inadequate notice has no merit.

Plaintiff's other claims for relief show even less likelihood of success on the merits than the claim of inadequate notice.

B.   Clouded Title

In Nevada, a lender does not have an affirmative duty to provide the borrower with the original note prior to foreclosure proceedings. *See Roberts v. McCarthy,* No. 2:11-CV-00080-KJD-LRL, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011) ("Courts in this district have repeatedly rejected claims by plaintiffs asserting a duty by the lender [prior to foreclosure] to provide the original note under the U.C.C. to prove its holder in due course status."); *Byrd v. Meridian Foreclosure Svc.*, No. 2:11-CV-00096-KJD-PAL, 2011 WL 1362135, at *2 (D. Nev. April 8, 2011) ("The ever-expanding body of case law within this district hold that Nevada law governing non-judicial foreclosure . . . does not require a lender to produce the original note as

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

a prerequisite to non-judicial foreclosure proceedings."); *Villa v. Silver State Fin. Serv.*, No. 2:10-CV-02024-LDF-LRL, 2011 WL 1979868, at *6 (D. Nev. May 20, 2011) ("[T]he court has consistently held that NRS § 107.080 does not require MERS or any other similar entity to show it is the real party in interest to pursue non-judicial foreclosure actions.").

Securitization of a home loan is not illegal in the state of Nevada. *Chavez v. Cal. Reconveyance*, No. 2:10-CV-00325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010) (holding that Nev. Rev. Stat. § 107.080 does not forbid the securitization of a loan). Furthermore, securitization of a loan does not diminish the underlying power of sale that can be exercised upon the trustor's breach, nor does it extinguish the trustor's obligation to payment of the debt. *See id*. Therefore, Plaintiff has failed to demonstrate a likelihood of success as to his claim of clouded title.

C.   Assignment

District of Nevada courts have repeatedly upheld MERS' authority to administer a validly executed Deed of Trust. For a discussion of MERS' authority in the context of mortgage lending and foreclosures, see *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1278-1283 (D. Nev. 2010).

Here, the Deed of Trust explicitly names Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for the Lender and Lender's successors and assigns. ("Deed of Trust" Ex. A to Pl.'s Compl. 2:(E), ECF No. 1.) The Deed of Trust also names ReconTrust as Trustee. (*Id*.) Finally, under the heading, "Transfer of Rights in the Property," the Deed of Trust specifically describes the power of sale granted to the Trustee. (*Id*. at 3-4.) Accordingly, Plaintiff has failed to demonstrate that his claim of invalid assignment is likely to succeed.

D.   Registration as Trustee

Plaintiff claims that ReconTrust is not a valid trustee because it "is not registered as a

member of the BAR association, a financial institution nor a Trust company," and "is not registered with the State of Nevada to do business in Nevada." (Pl.'s Compl.)  Plaintiff also appears to quote a statute in support of his claim, but does not identify the source. (*Id*. at 17.)

ReconTrust is exempt from the registration requirements to be a trustee under NRS 669.080(1), which provides:

> 1. This chapter does not apply to a person who:
> (a) Does business under the laws of this State, the United States or another state relating to banks, savings banks, savings and loan associations or thrift companies, but if the trust company business conducted in this State is not subject to supervision by a regulatory authority of another jurisdiction, the person must be licensed pursuant to this chapter before engaging in such business in this State.

ReconTrust is also exempt under Section 6 of AB 284, which became effective July 1, 2011. *See* AB 284, 2011 Leg., 76th Sess. (Nev. 2011).  ReconTrust, as a national bank, does business under the laws of the United States and is subject to supervision by the regulatory authority of the Office of the Comptroller of the Currency ("OCC").[2]

Therefore, to the extent that Plaintiff's claim is alleging a violation of the registration requirements under NRS Chapter 669 or AB 284, the claim fails.

### III.   CONCLUSION

None of Plaintiff's claims show a likelihood of success on the merits.  Accordingly, Plaintiff has failed to meet his burden in order to justify the Court's issuance of a TRO or a Preliminary Injunction.

Therefore,

---

[2] The OCC maintains a list of National Banks, as well as National Bank Subsidiaries, at www.occ.gov.

1  **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order
2  and for Preliminary Injunction is hereby **DENIED**.
3  **DATED** this 13th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge